No. 25-2033

In the

# United States Court of Appeals
## for the
# Tenth Circuit

---

GARY ROEMER,

*Plaintiff-Appellant,*

– v. –

BOARD OF REGENTS OF NEW MEXICO STATE UNIVERSITY; DAN ARVIZU; DONALD CONNER; ANNAMARIE DELOVATO; ROLANDO FLORES; MATTHEW GOMPPER; LAURA CASTILLE, individually and in their official capacities,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO IN NO. 2:22-CV-00524-JB-SCY (HONORABLE JAMES O. BROWNING)

---

## REPLY BRIEF FOR PLAINTIFF-APPELLANT GARY ROEMER
## (ORAL ARGUMENT REQUESTED)

---

SAMANTHA K. HARRIS
ALLEN HARRIS
P.O. Box 673
Narberth, Pennsylvania 19072
(610) 634-8258

– and –

NICHOLAS T. HART
HARRISON & HART
924 Park Avenue SW, Suite E
Albuquerque, New Mexico 87102
(505) 303-1835

*Attorneys for Plaintiff-Appellant*

CP COUNSEL PRESS   (800) 4-APPEAL • (383884)

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................. ii

INTRODUCTION ...................................................................................................1

ARGUMENT ...........................................................................................................1

    I.    THIS CASE PRESENTS A FACIAL CHALLENGE TO NMSU'S POLICIES THAT DOES NOT TURN ON APPELLANT'S CHARACTER OR CONDUCT ...................................................................................1

    II.    PROCEDURAL HISTORY ..................................................................2

    III.    APPELLEES' DEFENSE OF ARP 3.25 FAILS TO ADDRESS ITS CONSTITUTIONAL DEFECTS ..................................................................4

    IV.    APPELLEES MISUNDERSTAND THE MEANING OF 'CONTENT-BASED' ...................................................................................................7

    V.    ARP 3.80 IS UNCONSTITUTIONALLY VAGUE AND OVERBROAD .............8

CONCLUSION ......................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Booher v. Board of Regents*,
   1998 U.S. Dist. LEXIS 11404 (E.D. Ky. Jul. 21, 1998) .......................................5

*DeJohn v. Temple Univ.*,
   537 F.3d 301 (3d Cir. 2008) ................................................................................4

*Dombrowski v. Pfister*,
   380 U.S. 479 .................................................................................................. 1-2

*McCauley v. Univ. of the V.I.*,
   618 F.3d 232 (3d Cir. 2010) ................................................................................9

**Statutes and Other Authorities:**

U.S. Const. Amend. I ................................................................................................2

ARP 3.25 .........................................................................................1, 2, 3, 4, 6, 7, 8, 10

ARP 3.25(3)(B) .........................................................................................................5

ARP 3.25(3)(D) .........................................................................................................5

ARP 3.25(3)(D)(3) ....................................................................................................4

ARP 3.80 .................................................................................................1, 2, 3, 8, 10

# INTRODUCTION

Appellant Gary Roemer submits this brief in reply to Appellees' response brief defending the constitutionality of NMSU Administrative Rules and Procedures (ARP) 3.25 and 3.80. This brief addresses the fundamental flaws in Appellees' defense of these facially unconstitutional policies.

# ARGUMENT

## I. THIS CASE PRESENTS A FACIAL CHALLENGE TO NMSU'S POLICIES THAT DOES NOT TURN ON APPELLANT'S CHARACTER OR CONDUCT

Appellees argue that Appellant's brief "omits a multitude of undisputable material facts pertinent to the issues raised in this case." (Doc. 36, at 1). In trying to make arguments about Appellant's character, however, Appellees ignore that the only issue currently before this Court is the facial constitutionality of two NMSU policies, a determination that requires no evaluation of the underlying facts of the case. So while Appellant did present a brief overview of the case to acquaint the Court with the dispute, those details are not, in fact, "pertinent" to whether the two policies at issue are unconstitutional. The question before this Court is whether ARP 3.25 and ARP 3.80 prohibit a substantial amount of protected speech relative to their legitimate sweep, not whether Appellant's conduct could have been regulated by a more narrowly tailored policy. *See, e.g.*, *Dombrowski v. Pfister*, 380

U.S. 479, 486 ("we have consistently allowed attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.")

## II.   PROCEDURAL HISTORY

To ensure the record is clear, Appellant wishes to clarify Appellees' statement that he does not challenge the district court's ruling on his due process claims or his as-applied First Amendment claim, both of which were decided on Appellees' motions for summary judgment based on qualified immunity. (Doc. 36, at 6). While this appeal pertains only to Appellant's facial challenges, he in no way waives his right to appeal the district court's later rulings on his other constitutional claims after the case is concluded.

The procedural history below is unusually convoluted. On February 14, 2023, Appellant moved for partial judgment on the pleadings on Counts II and III of his Complaint, which raised facial challenges to NMSU ARP 3.25 and 3.80. 1 App. 80. Well before discovery was completed in the case, the individual defendants subsequently moved on April 21, 2023, for summary judgment based on qualified immunity on Counts I-IV of Appellant's Complaint. This included not only the two facial challenges but also Appellant's as-applied First Amendment claim and his due process claim.

2

The district court denied Appellant's motion for judgment on the pleadings in a brief two-page order on September 18, 2023. 1 App. 180. On March 15, 2024, the court issued a thirty-page opinion granting qualified immunity to the individual defendants on Counts I-IV. On August 23, 2024, Appellant moved for an entry of final judgment on Counts II and III, the facial challenges. 1 App. 183. Then, on February 27, 2025, the court issued a 222-page opinion that (a) elaborated on its earlier qualified-immunity ruling, (b) provided reasoning for its 2023 denial of Appellant's motion for judgment on the pleadings, and (c) *sua sponte* granted summary judgment to the Board of Regents on the official-capacity constitutional claims—even though discovery was still ongoing. 2 App. 189. Appellant's claims under Title IX and the New Mexico Civil Rights Act, which constitute Counts V-VII of his Complaint, remain before the district court.

Appellees are correct that this appeal concerns only the district court's ruling on the facial challenges to ARP 3.25 and ARP 3.80. Appellant has not, at this time, requested a final judgment on the claims disposed of on summary judgment. However, Appellant notes for the record that he intends to appeal the dismissal of those claims at the conclusion of the case. In particular, Appellant believes the lower court's *sua sponte* grant of summary judgment to the Board of Regents on the official-capacity claims was premature because discovery had not yet concluded and the Board had not moved for summary judgment on those claims,

which turned not on qualified immunity but on whether there were disputed issues of material fact.

### III.  APPELLEES' DEFENSE OF ARP 3.25 FAILS TO ADDRESS ITS CONSTITUTIONAL DEFECTS

Appellees insist that ARP 3.25(3)(D)(3) "does not prohibit a substantial amount of protected speech" because it "only" prohibits conduct of a sexual nature that creates an intimidating, hostile, and offensive environment. (Doc. 36 at 9, 12). But that assertion does not demonstrate the policy's constitutionality; rather, it simply assumes it. A tautology is not a defense; it is a concession that no substantive reasoning supports Appellees' position.

Appellees never explain why the policy's ban on conduct of a "sexual nature" that has the subjective "effect" of creating an "intimidating, hostile, and offensive environment" for another person does not encompass protected expression. Rather than grappling with the glaring omission of any objective standard, they merely state, without support, that "the conjunctive construction" — that is, using "and" instead of "or" — "acts as a requirement of severity and pervasiveness." (Doc. 36 at 14). This is the only thing they *can* argue, since multiple policies that are nearly identical but that employ the disjunctive "or" construction have been ruled unconstitutional. *See, e.g.*, *DeJohn v. Temple Univ.*, 537 F.3d 301, 305 (3d Cir. 2008) (finding unconstitutional a sexual harassment policy prohibiting conduct that "has the purpose or effect of creating an

4

intimidating, hostile, or offensive environment"); *Booher v. Board of Regents*, 1998 U.S. Dist. LEXIS 11404, *3 (E.D. Ky. Jul. 21, 1998) (finding facially invalid a sexual harassment policy prohibiting conduct of a sexual nature that "unreasonably affects your status and well-being by creating an intimidating, hostile, or offensive work or academic environment").

Appellees do not, however, identify any case law in support of their proposition that the use of "and" somehow magically creates a requirement of severity or pervasiveness, because none exists. In reality, the use of the conjunctive "and" rather than the disjunctive "or" does not eliminate the policy's reliance on subjective listener reaction. Speech that one listener finds simultaneously intimidating, hostile, and offensive may be perfectly acceptable to another listener. Without an objective standard, the policy remains unconstitutionally vague and overbroad regardless of whether it requires all three subjective reactions or just one.

As Appellant's brief explained, ARP 3.25 subsection (3)(D) lacks the constitutional safeguards that ARP 3.25 subsection (3)(B) contains. By adopting both standards, NMSU effectively concedes that (3)(B) is the less restrictive, constitutionally sound means of addressing sexual harassment. The existence of that less-restrictive alternative renders (3)(D) facially unconstitutional.

5

To demonstrate the many unconstitutional applications of ARP 3.25, Appellant provided a non-exhaustive list of speech that could be found to violate the policy:

> For example, it would apply to a creative writing professor who assigns a short story containing sexually explicit content as part of a literature course, if a student in that course —perhaps someone with a history of sexual trauma — alleged that exposure to such content substantially interfered with their academic performance in the course. A professor of abnormal psychology who lectured on sex addiction and shared an educational video in which a recovering addict candidly described their experience would similarly risk sanction under the policy, as would a faculty member who published an op-ed or gave a talk discussing changing norms around dating, pornography, or sex work. A theater student performing a scene of seduction for a class project, a student telling a joke with sexual innuendo or making a pop culture reference containing sexual overtones, or a registered student organization hosting a program on healthy sexual relationships—all would be vulnerable to charges of sexual harassment if a particular listener alleged that the speech substantially interfered with their academic performance or created a hostile, intimidating, and offensive environment.

(Doc. 20 at 18-19).

Appellees claim, with absolutely no reasoning or legal support, that these examples "do not implicate" the policy. (Doc. 36 at 15). First, Appellees claim they do not "involve 'conduct of a sexual nature' as defined by ARP 3.25." (*Id.*) This is absurd. As an initial matter, ARP 3.25 does not define conduct of a sexual nature. Moreover, it is undisputed, even according to Appellees, that NMSU deemed Appellant's email concerning the Jacob Blake shooting to be conduct of a sexual nature because it included "links to a news story containing graphic detail regarding an alleged violent sexual assault." (*Id.* at 1). So it is beyond dispute that

6

"conduct of a sexual nature" as defined by NMSU encompasses more than just conduct undertaken for some sort of sexual purpose; it also encompasses sexual content shared or discussed for non-sexual purposes, such as in Appellant's examples. These examples demonstrate the policy's overbreadth.

In the alternative, Appellees claim that "the pedagogical activities contained in those scenarios do not create an objective 'intimidating, hostile, and offensive environment in which to work or learn.'" (*Id.* at 16). Appellees unwittingly make Appellant's argument for him here, because ARP 3.25 *does not require* "an objective intimidating, hostile, and offensive environment" — it only requires that the conduct have the effect of creating an intimidating, hostile, and offensive for someone. As Appellant has argued, without the protection of an objective offensiveness requirement, these examples absolutely implicate the policy and could be deemed harassment if their effect were to create such an environment for even one person.

## IV.    APPELLEES MISUNDERSTAND THE MEANING OF 'CONTENT-BASED'

Appellees write: "Appellant's conclusory assertions that ARP 3.25 is content-based and subject to strict scrutiny are unavailing. Instead, Appellant baldly asserts that ARP 3.25 is content based because it 'applies only to conduct of a sexual nature.'" (*Id.* at 17). But this is not a bald assertion — it is the literal

7

definition of content based. The policy applies to content of a sexual nature and not to content of a non-sexual nature, and as such is content based.

Content-based regulations such as ARP 3.25 are subject to strict scrutiny. Under that standard, Appellees have failed to demonstrate that ARP 3.25 serves a compelling state interest or is narrowly tailored to achieve that interest. Instead, they merely assert that the policy is content-neutral without addressing its explicit focus on sexual content.

## V. ARP 3.80 IS UNCONSTITUTIONALLY VAGUE AND OVERBROAD

Appellees' argument that an ordinary person could easily discern what ARP 3.80 prohibits is unavailing. The policy's structure and terminology form a confusing web of inconsistencies that obscure its true scope. Its title identifies three types of prohibited behavior, as it is titled "Prohibition on Bullying, Hazing, and Hostile Misconduct." Part 2 of the policy identifies four types of prohibited behavior: bullying, hazing, hostile misconduct, and retaliation. And then Part 4 of the policy refers to just two types of prohibited behavior: hostile misconduct and retaliation. 1 App. 104. A person of ordinary intelligence confronted with this web of conflicting information, and wishing to avoid punishment, is far more likely to err on the side of caution and refrain from any conduct listed as "prohibited" by the policy.

One of those categories of prohibited conduct — bullying — is defined as "An act or omission… committed with the intention of intimidation or causing emotional distress or other harm, typically directed toward a person perceived to be vulnerable or less powerful." 1 App. 104. Appellees contend that this language is not vague, claiming that the ban on "other harm" is clarified and narrowed by its application only to someone perceived to be vulnerable or less powerful. Unsurprisingly, they offer no authority to support this. In reality, courts have found similar language to be unconstitutionally vague and overbroad. *See, e.g.*, *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 250 (3d Cir. 2010) (internal citations omitted) ("'Emotional distress' is a very loose concept. The term 'emotion' can mean anything from simply 'a state of feeling,' 'to 'a conscious mental reaction (as anger or fear) subjectively experienced as strong feeling.' The term 'distress' similarly could connote an exceedingly minimal threshold of harm, as in 'to cause to worry or be troubled,' 'but it can also be defined as requiring more, such as 'pain or suffering affecting the body, a bodily part, or the mind.'")

9

## CONCLUSION

For the foregoing reasons and those stated in Appellant's opening brief, this Court should reverse the district court's judgment and hold that ARP 3.25 and ARP 3.80 are facially unconstitutional under the First Amendment.

Dated: October 28, 2025                    Respectfully submitted,

/s/ *Samantha K. Harris*

SAMANTHA K. HARRIS
ALLEN HARRIS
P.O. Box 673
Narberth, Pennsylvania 19072
(610) 634-8258

– and –

NICHOLAS T. HART
HARRISON & HART
924 Park Avenue SW, Suite E
Albuquerque, New Mexico 87102
(505) 303-1835

*Attorneys for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments), this brief contains 2,052 words.

This brief complies with the typeface and type style requirements because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman typeface.

/s/ *Samantha K. Harris*
SAMANTHA K. HARRIS
*Attorneys for Plaintiff-Appellant*